PRUDY ANN GOINS, Respondent, v. THE CHICAGO, ROOK ISLAND AND PACIFIC RAILROAD COMPANY Appellant.

Kansas City Court of Appeals, December 2, 1889

Master and Servant: RULE AS TO INEXPERIENCED SERVANT'S KNOWLEDGE OF DEFECTIVE APPLIANCES AND OF ITS DANGER. Where the master furnished an obviously defective appliance, a servant (a boy) injured in using such appliance (a misshapen link and crooked coupling pin fastened in a draw head) can only recover by showing that his ignorance of the danger incident to its use arose from his youth and inexperience, and the same rule holds in an action for loss of service by the parent of the minor servant.

*Appeal from the Mercer Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*Ramey & Brown* and *H. J. Allee*, for the appellant.

(1) The brakeman is presumed to understand the use of the apparatus with which he works. In this case he knew its condition and voluntarily, and without complaint or objection, and without disclosing the alleged defect to his employer, continued to use it. In so doing he assumed the risks incident to its use, and cannot recover. *Covey v. Railroad*, 86 Mo. 635; *Hooper v. Railroad*, 21 S. C. 541; *Alexander v. Railroad*, 25 Am. & Eng. Ry. Cases, 458; *Sullivan v. Bridge Co.*, 9 Bush, 81; *Porter v. Railroad*, 71 Mo. 66–77; *Smith v. Railroad*, 69 Mo. 32–41; *Railroad v. Emmert*, 31 Am. & Eng. Ry. Cases, 194. (2) There is no evidence whatever in this case that the injury complained of resulted from the condition of the link and draw head. (3) The first instruction given for plaintiff tells the jury in effect that if the pin and link were fast

in the draw head, and that they were permitted by defendant to so remain, and that in that condition they were unsafe and Albert Goins was injured by reason thereof, the defendant was liable, provided he did not know the danger of using it in that condition. This was erroneous in telling the jury that it was the duty of the defendant to have the coupling apparatus in an absolutely safe condition. *Tabler v. Railroad*, 93 Mo. 79. Also in telling the jury, as a matter of law, that Albert Goins was under no obligation to understand the use of the apparatus, or to know whether or not it was dangerous to use it in its then condition.

*Hyde & Orton*, for the respondent.

(1) Contributory negligence, if relied on as a defense, is for the defendant to show, unless it is shown by the evidence produced by the plaintiff. *Lloyd v. Railroad*, 53 Mo. 509; *Petty v. Railroad*, 88 Mo. 306; *Stephens v. Macon*, 83 Mo. 345; *O'Connor v. Railroad*, 64 Mo. 150. (2) All the issues in the first instruction for plaintiff having been found in her favor, she was entitled to a verdict, unless the evidence was such as to conclusively prove that the boy was guilty of contributory negligence. (3) Contributory negligence cannot be imputed to him, unless he knew, not only that the link and pin were fast, but he must have known the risk and danger resulting from that defect. There is a broad distinction between knowing the actual condition of the coupling and knowing the risk or danger resulting therefrom in its use. No evidence was offered by defendant, and none was produced by plaintiff, that he knew the danger he was in, in using this dangerous coupling. The undisputed evidence of Albert was that he did not know this danger, and no facts were shown that would presume his knowledge. *Colbert v. Rankin*, 13 Pacific (Cal.) 491; *Cook v. Railroad*, 24 N. W. (Minn.) 311; *Russell v. Railroad*, 20 N. W. (Minn.) 147; *Smith v.*

*Car Works*, 27 N. W. (Mich.) 662; *Parkhurst v. Johnson*, 15 N. W. (Mich.) 107; *Carver v. Christian*, 26 N. W. (Minn.) 8; *Behm v. Armour*, 15 N. W. (Wis.) 806; *Rummell v. Dilworth et al.*, 2 Atlantic R. (Penn.) 35; *McGowen v. Smelting Co.*, 9 Federal Rep.; *Watkins v. Goodall*, 138 Mass. 533; *Looney v. McLean*, 129 Mass. 33; *Reed v. Northfield*, 13 Pick. 94; *Dowling v. Allen*, 74 Mo. 14; *Louisville, etc., Railroad v. Frawley*, 9 N. E. (Ind.) 594, and cases therein cited; *White v. Worsted Works*, 11 N. E. (Mass.) 75; *Dowling v. Allen*, 88 Mo. 293; *Grizzle v. Fost*, 3 Fost. & Finla. 622; *Clark v. Holmes*, 7 N. & H. 937. (4) It was the duty of the defendant not only to furnish reasonably safe appliances, but to exercise a continued supervision over the same to keep them in proper repair. This duty is affirmative, and must be continually fulfilled. *Brann v. Railroad*, 53 Iowa, 495 (36 Am. 343); *Bowen v. Railroad*, 95 Mo. 268; *Tabler v. Railroad*, 95 Mo. 79.

GILL, J.—This action arises out of the same state of facts as in the case of *Albert Goins v. C., R. I. & P. Ry. Co.*, reviewed at the last term of this court. In that case the boy, Albert Goins, by his guardian, sought and recovered damages for injuries received, while in this action Prudy Ann Goins, Albert's mother, seeks to recover for loss of Albert's services by reason of the same injuries. We refer now to the opinion delivered at the last term for a full understanding of the facts giving rise to this suit.

At the hearing of the former case we approved the action of the trial court in giving, among others, the following instructions to the jury, to-wit:

"The jury are instructed that it was the duty of the defendant to use all reasonable care and caution to provide for its employes good and well constructed cars, adapted to the purpose for which they are used, and also to use all reasonable care and watchfulness in keeping said cars and the appliances and parts thereof in

safe condition.  And if the jury find from the evidence that the defendant failed so to do with respect to the pin or link in the draw head of the car which Albert Goins was coupling to the train when he was injured, and that the said link and pin was bent and misshapen so as to be fast in the draw head, and thereby became unsafe to use in coupling said car, and that by reason of the failure of the defendant to use reasonable care and watchfulness with respect to said car, the said link and pin were negligently or carelessly permitted to remain fast in said draw head, and that while in that condition the defendant kept said car in use, and the plaintiff, while using reasonable care in coupling said car, had his hand caught between the draw heads of the cars, and that he received said injury by reason of said defective condition of said link or pin, then the jury will find for plaintiff, *provided the said Albert Goins, by reason of his youth, if he was. a. youth, and inexperience in such matters, if he was inexperienced, did not know of the danger of coupling said car in its then condition.*"

We have italicized in the foregoing that portion of the instruction then questioned, and we held, following *Dowling v. Allen,* 74 Mo. 13, such qualification of the general doctrine to be proper.  But in the case now under review the trial court varied, in one important particular, from the foregoing instruction and saved the plaintiff's right of recovery, *"if said Albert Goins did not know of the danger of coupling said car in its then condition,"* eliminating from such provision that such want of knowledge must arise from the *youth and inexperience* of the boy.  In other words, the jury, in the case at bar, were told that however patent and visible the defect which occasioned the injury, or however obviously dangerous the use of such appliance might be, yet if Goins did not *know* of such danger, etc., a recovery could be had in a suit against the railroad

company.    This is going beyond the rule stated in *Dowling v. Allen*, and further than we are warranted in the light of reason and authority.    If this declaration to the jury is correct then Albert's *want of knowledge* of the danger to which he was exposed might arise from gross inattention, and yet as he did not *know* of the danger, the defendant would be liable.    *The want of knowledge*, as held in *Dowling v. Allen*, must arise from the *youth and inexperience* of the injured party. For the error thus appearing in the court's instruction to the jury the judgment must be reversed, and the cause remanded.    All concur.