PURDY ANN GOINS, Respondent, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COMPANY, Appellant.

Kansas City Court of Appeals, December 7, 1891.

1. **Pleading** : MOTHER'S ACTION FOR LOSS OF SERVICES OF MINOR SON : DEATH OF FATHER: DELAY : EVIDENCE. A petition by a mother for loss of services of her minor son, occasioned by defendant's negligence, need not in words state the death of the son's father, where the plain import and common understanding of the language used

therein is that the father was dead. And such defect in the petition, if it was a defect, could not be held fatal after a trial, an appeal, a reversal and a retrial, before the defendant makes known the defect, and then only in the motion in arrest in such general terms that it probably escaped the attention of the trial court. Where the evidence shows plaintiff is a widow, it sufficiently implies her husband, father of the son, is dead.

2.  Contributory Negligence: KNOWLEDGE OF DANGER: YOUTHFUL EXPERIENCE: PARTICULAR DANGER.  In an action by the parent for loss of services of a minor son, by reason of injuries, occasioned by defendant's negligence in supplying a defective coupling appliance (the link and pin being bent, misshapen and fast in the drawhead), the son's knowledge of the defective appliance will not defeat a recovery, if by reason of his youth and inexperience he did not know of the increased danger of making the coupling. Knowledge, to defeat the action, must be not knowledge of the danger of coupling in general, but knowledge of the increased peril of using the particular defective appliance.

3.  Evidence: BRAKEMAN AS EXPERT.  In an action to recover for injuries suffered by a brakeman in attempting to make a coupling, because of an alleged defective link and pin, old and experienced brakemen are competent to give their opinions as to the safety of coupling one car to another, where the pin was so bent that it could not be taken out and the coupling would have to be made with the link fast in the drawhead of the standing car.

4.  Definitions: EXPERTS.  The following are definitions of an expert. First.  " One who by practice or observation has become experienced in any science, art or trade." Second.  " One instructed by experience in a course of previous habit, practice or study, so as to be familiar with the subject.

5.  Evidence : WHEN EXPERT TESTIMONY ADMISSIBLE.  Opinions of witnesses possessing peculiar skill are admissible, whenever the subject of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance.

*Appeal from the Mercer Circuit Court.*—HON. G. D. BURGESS, Judge.

AFFIRMED.

*M. A. Lowe* and *W. F. Evans*, for appellant.

(1)  Before a mother can recover damages sustained by reason of injuries received by her minor child, she

must allege in her petition and prove upon the trial'
that, at the time the child received the injuries.
complained of, its father was dead, and that she is.
entitled to the services and assistance of the minor. The·
allegation of the plaintiff, that at the time of the com-
mencement of the action she was a widow, is not suffi-
cient. The· allegation must be, and the proof must·
show, that the child's father was dead at the time of
receiving the injuries complained of. *Building Co. v.*
*Yocum*, 34 Ark. 493; *Burk v. Phipps*, 1 Root (Conn.)·
487; *Jones v. Burkley*, 19 Ala. 604. (2) The instruc-
tions of the court, without any question as to their cor-
rectness, constitute the law of the case so far as the·
jury are concerned; and where the verdict is clearly
inconsistent with the instructions, it should be set aside·
on motion. *Irwin v. Thompson*, 27 Kan. 643, 645;.
*Railroad v. Hutchinson*, 39 Kan. 485, 488; *Way v.*
*Railroad*, 73 Iowa, 464. (3) The occupation of brake-
men is not of such a character as to authorize them to
express opinions upon matters pertaining thereto, or
as to the manner in which a coupling should be made.
They should testify to the facts; and their testimony
should be limited entirely to the facts, and the jury
should be left to draw the conclusions from such facts.
*Muldowney v. Railroad*, 36 Iowa, 462, 472; *Koons v.*
*Railroad*, 65 Mo. 597; *Hamilton v. Railroad*, 36 Iowa,.
31, 36; *Bellaire v. Railroad*, 43 Iowa, 662, 667; *Rail-*
*road v. Robbins*, 43 Kan. 145, 149; *Allen v. Railroad*,.
57 Iowa, 623, 629. (4) Albert Goins knew at the time·
he was injured, and had known for five or six days prior·
to that time, of the condition of the link and pin, and of'
the danger incurred in attempting to make a coupling·
with the same; and knowing the facts he continued in.
the company's employ without any complaint, and with-
out a promise from any person that a change would be.
made; and thereafter being injured in using the same·
the plaintiff cannot recover. *Porter v. Railroad*, 71.
Mo. 66, 78; *Covey v. Railroad*, 86 Mo. 635, 641.

*Hyde & Orton*, for respondent.

( 1 ) Contributory negligence cannot be imputed to plaintiff's son unless he knew not only that the link and pin were fast but he must have known the risk and danger resulting from that defect. There is a broad distinction between knowing the actual condition of the coupling and knowing the risk or danger resulting therefrom in its use. *Dowling v. Allen & Co.*, 74 Mo. 14; *Dowling v. Allen & Co.*, 88 Mo. 293; *Colbert v. Rankin*, 13 Pac. Rep. ( Cal.) 491; *Goins v. Railroad*, 37 Mo. App. 221; *Cook v. Railroad*, 24 N. W. Rep. ( Minn.) 311; *Russell v. Railroad*, 20 N. W. Rep. ( Minn.) 147; *Smith v. Car Works*, 27 N. W. Rep. (Mich.) 662; *Parkhurst v. Johnson*, 15 N. W. Rep. ( Mich.) 107; *Carver v. Christian*, 26 N. W. Rep. ( Minn.) 8; *Behm v. Armour*, 15 N. W. Rep. 806; *Rummell v. Dilworth, Porter & Co.*, 2 Atl. Rep. ( Penn.) 35; *McGowen v. Smelting Co.*, 9 Fed. Rep. 861; *Watkins v. Goodall*, 138 Mass. 553; *Looney v. McLean*, 129 Mass. 33; *Railroad v. Frawley*, 9 N. E. Rep. ( Ind.) 594, and cases therein cited; *White v. Worsted Works*, 11 N. E. Rep. ( Mass.) 75; *Grizzle v. Frost*, 3 Frost & Fin. 622; *Clark v. Holmes*, 7 N. E. & H. 937. ( 2 ) The jury found that the appliance was dangerous and that plaintiff's son was a youth and inexperienced, and did not know the danger of using the defective coupling. In such case there was no implied contract that he was a skilled brakeman. Defendant, when it transferred him to the rock train as a brakeman, knew that he was not a skilled bra' eman. *Dowling v. Allen & Co., supra; Goins v. Railroad, supra; Goins v. Railroad*, 37 Mo. App. 676. ( 3 ) A railroad brakeman is a competent witness to testify as an expert as to matters pertaining to his employment. *Houston v. Railroad*, 9 S. W. Rep. 175; *Railroad v. Thompson*, 12 S. W. Rep. 742; *Whitsett v. Railroad*, 25 N. W. Rep. ( Iowa )

104; *Railroad v. Smith*, 22 Ohio St. 227; Rogers on Expert Testimony, 239; *Davidson v. Railroad*, 34 Minn. 54. (4) It was competent to show the effect as to safety caused by the defect in the coupling. *Baldwin v. Railroad*, 50 Iowa, 680; *Railroad v. Thompson*, 12 S. W. Rep. 742; Rogers on Expert Testimony, 239; *Kuhns v. Railroad*, 70 Iowa, 561; 31 N. W. Rep. 868. (5) A widowed mother is entitled to the services and earnings of her minor child to the same extent that the father would be if alive. *Hammond v. Corbit*, 9 Am. Rep. 288; *Railroad v. Tindall*, 74 Am. Dec. 259; *Railroad v. Cook*, 63 Miss. 38; *Kennedy v. Railroad*, 35 Hun, 186; *Commissioner v. Hamilton*, 45 Am. Rep. 439; *Mathewson v. Perry*, 37 Ct. 435; *Matthews v. Railroad*, 26 Mo. App. 75; *Railroad v. Tindall*, 79 Am. Dec. 259. (6) If the minor was in the service of the mother and living with her, the father not having the care and custody of the child, she can recover for loss of services. *Badgely v. Decker*, 44 Bar. (N. Y.) 577; *Burk v. Phipps*, 1 Root (Conn.) 487; *Whitacre v. Warren*, 6 N. H. 20; 49 Am. R. 302. The father cannot recover when the child lives with the mother. *Woodell v. Coggshall*, 2 Met. 89; 35 Am. Dec. 391; *Simpson v. Buck*, 5 Lansing (N. Y.) 337; Field on Parent & Child, secs. 74, 75, 79; *Guion v. Guion's Adm'r*, 16 Mo. 48; *Home v. Fritchey*, 10 Mo. App. 344.

GILL J.—This case is here now on a second appeal. The decision on the former hearing will be found reported in 37 Mo. App. 676, to which we refer for an understanding of the nature of the controversy. The judgment was then reversed, and the cause remanded, because of an error in giving a certain instruction. On the second trial in the circuit court this error was avoided, the jury found for the plaintiff in the sum of $1,000, and from a judgment thereon defendant has again appealed.

    I. The first point made in defendant's brief relates to the sufficiency of the petition. It is claimed that it

fails to allege facts sufficient to entitle the plaintiff,. Mrs. Goins, to maintain this action for loss of services. of her minor son, Albert, in that it is not stated therein that Albert's father was dead, etc. We regard this. objection more technical than substantial. The petition states "that plaintiff is a widow and entitled to the services, assistance and support of her son, Albert Goins, and is dependent upon his services and assistance for her support, plaintiff being old, and without property or means of support, and her son Albert being a minor, and at the commencement of this action seventeen years of age, and until injured in the manner here-- inafter stated living with her and contributing by his labor and services to her maintenance and support," etc. The plain import of this language is that, when Albert was injured, he was the minor son of plaintiff, who was and is a widow, and that he was living with and supporting her. It does not in express terms. allege that Albert's father is dead, but inferentially does so state. She is alleged to be a *widow*, and this with other facts stated is such as to advise defendant. of plaintiff's relation to Albert, and such as would entitle her to the benefit of his services.

More than this, it appears that, though this case was. instituted quite three years before the last trial, and has been tried once before in the circuit court, then. appealed here, reversed and the evidence again heard, yet it was only on a motion in arrest after the last ver- dict rendered, that defendant made known the petition's. defect and then only in such general terms that it would probably escape the attention of the trial court. Here are the grounds set out in the motion in arrest :

"*First.* That upon the pleadings in this cause the judgment should be for the defendant. *Second.* Because the pleadings in this cause are not sufficient to author- ize or support a judgment for plaintiff upon the verdict. *Third.* Because, under the statements and admissions.

contained in the pleadings and evidence, the judgment should be for the defendant, notwithstanding the verdict."

It is made our duty "to so construe the provisions of the law relating to pleadings, and so adapt the practice thereunder as to discourage, as far as possible, negligence and deceit, to prevent delay, * * * and to distinguish between form and substance," etc. R. S. 1889, sec. 2117. And, further, we are enjoined not to reverse the judgment of the lower courts unless we "shall believe that error was committed * * * materially affecting the merits of the action." R. S. 1889, sec. 2303. Prompted, then, by these considerations we should feel constrained to hold this point against the defendant, even were we convinced that the petition was defective as claimed.

What is here said applies with equal force to the objection that the verdict is not supported ' by the evidence for the alleged reason that it was not shown that Albert's father, this plaintiff's husband, was dead. The testimony clearly shows that Mrs. Goins was a widow, and the common understanding of this language is that her husband, this boy's father, was dead.

II.   It is next insisted that the verdict should have been set aside as contrary to the following instruction, given by the court at the defendant's instance :   " 1. The court instructs the jury that, when the said Albert Goins entered into the service of the defendant as a brakeman, he contracted to assume all the risks of said employment, and if the said Goins, at the time he received the injury, knew of the defective condition of said link and pin, and, knowing such fact, made, or attempted to make, such coupling, then the jury will find for the defendant." In this connection, it is said, that the boy Albert admitted that he knew, several days before the accident, of the defective coupling by which he was injured, and that, as he had such knowledge and

made no complaint, he thereby assumed the risk, and no recovery, therefore, could be had. If this was all there is of this case then defendant's contention would seem well grounded. But there is another feature not mentioned in the above instruction. This element appears in another instruction given at the request of plaintiff. Plaintiff's number 2 reads as follows: "2. If the jury find that the coupling apparatus of the car which plaintiff's son was coupling to the train when injured was defective by reason of the link and pin being bent and misshapen and fast in the drawhead of said car, and that said defect rendered the coupling of said car to the train dangerous, then, although such defect was visible, and the danger of coupling said car was apparent to one of mature years, or one accustomed to the coupling of cars ; yet, if the jury find that plaintiff's son was, at the time, young and inexperienced, and, by reason of his youth and inexperience, he was not aware of the danger to himself from the use of such coupling apparatus, then plaintiff's right to recover in this action will not be defeated by the fact that said defect was visible and apparent and known to the plaintiff's son Albert."

This last instruction was drawn in harmony with our views when the case was here before, and is, therefore, the law of this case. It should be regarded as a modification, or rather qualification, of defendant's instruction, numbered 1, quoted above. Taken and read together, as they should be, the jury was advised that, even though Albert had knowledge of the defective appliance, yet the plaintiff might recover if, because of his youth and inexperience, he did not know of the increased danger of making the coupling. Mere knowledge, then, of the defect would not destroy the right to recover, if there existed the further element of ignorance of danger occasioned by the boy's youth and inexperience. Here, too, we may as well notice the last matter suggested in defendant's brief. It is claimed

that the evidence conclusively shows that plaintiff's son well knew of the danger to which he was exposed in handling the defective coupling. We do not so read this testimony. The boy, it is true, on cross-examination does say, in effect, that he knew there was some danger in making these couplings, that he should be careful to avoid getting his fingers caught between the drawheads, etc. But he was testifying in relation to the danger generally, and not to any increased peril of using the particular defective link and pin. As to this, he testified that he did not know of any danger in using it.

III. At the trial two witnesses, old and experienced brakemen, were permitted, over the objection of the defendant, to give their opinions as to the safety of coupling one car to another, where the pin was so bent that the pin could not be taken out, and the coupling would have to be made with the link fast in the drawhead of the standing car. This testimony was objected to for the alleged reason that this was not a matter for expert evidence; that the condition of the appliances only should be stated, and the jury left to form an opinion as to whether or not such work was hazardous. We think there was no error in the admission of this evidence. Notwithstanding the decisions cited by defendant's counsel, some of which seem to hold the contrary, we are of the opinion that these witnesses were qualified as experts to testify in relation to the matter about which they were questioned. As to experts and expert testimony, when allowed and when denied, there have been various and conflicting rulings, and it would be entirely useless and unprofitable to attempt an intelligent discussion of them.

An expert is said to be "one who, by practice or observation, has become experienced in any science, art or trade." Rogers on Expert Testimony, sec. 1. "One instructed by experience in a course of previous habit, practice or study, so as to be familiar with the subject."

71 N. Y. 453; 1 Greenl. Ev., sec. 440. Again, "It may be laid down as a general rule that the opinion of a witness possessing peculiar skill is admissible whenever the subject of inquiry is such that inexperienced persons are unlikely to prove capable of forming a correct judgment upon it without such assistance." *Davidson v. Railroad*, 34 Minn. 55.

After a careful consideration of every point presented, we discover no reason for disturbing the judgment, and the same is, therefore, affirmed. All concur.